UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN CARLOS SUAREZ and BETSY SUAREZ, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § | CIVIL ACTION H-18-1150 |
| | § | |
| UPTOWN STAFFING, LLC and PATRICIA GONZALEZ, | § § § | |
| *Defendants*. | § § | |

## ORDER

Pending before the court is a motion to dismiss filed by defendants Uptown Staffing, LLC and Patricia Gonzalez ("Uptown"). Dkt. 6. After considering the motion, response, amended complaint, and applicable law, the court is of the opinion that the motion to dismiss should be DENIED.

### I. BACKGROUND

In Juan Carlos Suarez and Betsy Suarez's first amended complaint, plaintiffs allege violation of the Fair Labor Standards Act ("FLSA") by Uptown and its employee, Patricia Gonzalez. Dkt. 7. According to the allegations in the complaint, which the court accepts as true for the purposes of this motion to dismiss, *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), the facts are as follows:

Juan Carlos Suarez was employed by Uptown as a dishwasher from September 2016 to December 2017. Dkt. 7 at 2. Betsy Suarez was employed by Uptown as a dishwasher from March 2017 to December 2017. *Id.* They both regularly worked more than 40 hours per week, even more than 60 hours per week in some cases, and did not receive FLSA-mandated overtime pay. Dkt. 7

at 3. During this time, Uptown had gross sales exceeding $500,000 per year, and had employees using goods such as soaps, silverware, dishware, and cleaning supplies that had moved in interstate commerce. Dkt. 7 at 3. The Suarezes now bring suit under the FLSA for unpaid overtime and damages. Dkt. 7 at 5.

Uptown moves to dismiss for failure to state a claim on which relief can be granted. Dkt. 6. The Suarezes amended their complaint and filed a response in opposition of Uptown's motion. Dkt. 7. "[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." 6 Charles Alan Wright et al, Federal Practice and Procedure § 1476 at 638 (3d ed. 2010). Therefore, for the purposes of this order, the court will consider the motion as being addressed to the live complaint.

## II. LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party against whom claims are asserted may move to dismiss those claims when the nonmovant has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's

2

pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012).

### III. ANALYSIS

Uptown's sole assertion is that the Suarezes did not sufficiently allege facts to show that they were individually engaged in the production of goods for commerce ("individual coverage") or employed by an enterprise engaged in commerce or the production of goods for commerce ("enterprise coverage"). Dkt. 6 at 3 (citing *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992)). Enterprise coverage is defined as an enterprise that "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . ." 29 U.S.C. 203(s)(1)(A).

While the Suarezes plead no facts to support individual coverage, their amended complaint alleges that Uptown had gross annual sales of more than $500,000 and that it had employees using

3

materials and products, such as soaps and cleaning supplies, that were manufactured outside of the State of Texas. Dkt. 7 at 3. Thus, accepting these allegations as true, the Suarezes have plead sufficient facts to establish enterprise coverage.

## IV. CONCLUSION

Uptown's motion to dismiss alleged insufficient pleadings to support a finding of individual coverage or enterprise coverage. Dkt. 6. The Suarezes amended their complaint and remedied any potential deficiencies, alleging facts that, if accepted as true, support a finding of enterprise coverage. Dkt. 7 at 3. Accordingly, Uptown's motion to dismiss is DENIED as moot.

Signed at Houston, Texas on July 17, 2018.

Gray H. Miller
United States District Judge